ROSCOE L. DRENNAN

*v.*

STATE OF ILLINOIS.

*Opinion filed March 17, 1915.*

STATUTE OF LIMITATIONS—*claims barred if not filed within two-year period.* Where the cause of action accrued on August 3, 1912, and the claim was not filed with the Auditor until February 16, 1915, the Statute of Limitations is a bar to the claim.

C. B. Taylor, for Claimant.

P. J. Lucey, Attorney General, and Arthur R. Roy, Assistant Attorney General, for State.

Claimant, a resident of Champaign County, aged twenty-eight years, was a member of Company G, Fourth Infantry, Illinois National Guard, and from July 28 to August 3, 1912, was on duty at Camp Lincoln, Springfield.  On August 9, 1912, he was taken ill and on August 12 became completely paralyzed and helpless.  His ailment was diagnosed as infantile paralysis.  He was confined to his bed until December 1, 1912, and since then has been able to move about only with the aid of crutches or other objects, and with great difficulty.

In the opinion of physicians who have examined him, he is permanently paralyzed and his case is incurable. The physicians who testified do not agree as to the time elapsing between exposure to the germ of this disease and the time of incubation, one saying ten to fourteen days, another that the period of incubation is from eight to ten days from the time of exposure to the time fever sets in and ten to fourteen days to paralysis.

Claimant testified that he sustained no injury while in camp.  He received from the State one dollar a day for thirty days, and the medical board allowed him one dollar per day for six months more.  The doctors' and nurses' bills and general expenses have been paid by the State.

Claimant seeks to recover under article 16, section 11 of the Military & Naval Code (Hurd's Rev. Stat., 1913, p. 2364). The provisions of this section are as follows:

"In every case where an officer or enlisted man of the National Guard or Naval Reserve shall be injured, wounded or killed while performing his duty as an officer or enlisted man, in pursuance of orders from the Commander-in-Chief, said officer or enlisted man, or his heirs or dependents, shall have a claim against the State for financial help or assistance, and the State Court of Claims shall act on or adjust the same as the merits of each case may demand. Pending action of the Court of Claims, the Commander-in-Chief is authorized to relieve emergency needs on recommendation of a board of three officers, one of whom shall be an officer of the medical department."

Under section 10 of the same article and Act, claimant has been paid by the State, but he is not here seeking to have such payments continued, as provided in said section, but seeks to recover damages.

Claimant testified that he was in camp in the discharge of his regular duties in obedience to orders from his superiors. The record does not set up the orders of the Commander-in-Chief in this particular, but, it is not questioned, but that such orders were issued, and that it was in compliance with such orders that claimant was in camp.

This Court, in the case of *Blickhan* v. *State,* decided at the October Term, 1910, recognized this section of the statute as applicable to a case of this nature; claimant has received benefits from the State under the provisions of the Military and Naval Code and we are of the opinion, that in this case claimant would be entitled to recover were it not for another question involved.

This claim was filed in this Court on February 16, 1915, and the cause of action arose not later than August 3, 1912. More than two years have elapsed between

the two dates. It is provided in section 4 of an Act to limit the time for persons to bring claims against the State of Illinois, approved March 1, 1847, same appearing also in chapter 84, paragraph 31 of the Revised Statutes of 1913, that "hereafter all unliquidated claims against the State shall be proved up and filed as above, within two years from the time such claim may have arisen; and any claim not presented and proved up as above, and filed, shall be forever barred from payment by the State." The rule of this Court is as follows: "If it appears on the face of a declaration that the claim is barred by Statute of Limitations, the same may be dismissed."

In this state of the case, claimant is not entitled to recover in this Court. We do not want to bar claimant's right to present his claim to the legislature, having in mind the facts as presented in this record and the serious nature of the disease from which claimant suffers. Were it not for the fact that the claim is barred by the Statute of Limitations, we would undoubtedly award the claimant the sum of eight thousand ($8,000.00) dollars. Under the circumstances, however, the claim is rejected without prejudice to the right of claimant to present his claim to the legislature.